JOHNSON, Plaintiff, v. JOHNSON, Defendant.

Common Pleas Court, Meigs County.

No. 12857.   Decided June 29, 1959.

O'Brien & O'Brien, Pomeroy, for plaintiff.
Crow, Crow & Porter, Pomeroy, for defendant.

## OPINION

By BACON, J.

This court overruled defendant's motion to quash service of summons by publication and defendant's motion to dismiss the petition because of the nonresidence of the plaintiff. Defendant moves for reconsideration.

Defendant is a soldier. He enlisted at the age of 19 years when his domicile was that of his parents at Esdale, West Virginia. Since then his parents removed to Charleston, West Virginia. There is no evidence that defendant will ever have further connection with Esdale.

Defendant's overseas tour of duty was terminated by a change of station to Walter Reed Hospital, Washington, D. C. Whereupon defendant left at the Military Post Office a forwarding address of his mother's residence in Charleston, West Virginia.

Defendant's residence or domicile must be ascertained from the facts and defendant's intention. Defendant's own acts are the best evidence of his intention. A military post is not now defendant's domicile, nor is Esdale, West Virginia, his domicile. Defendant intended his mother's residence as his own. It is unlikely a summons mailed to him at Esdale would ever reach him. Defendant himself provided the residence where a summons mailed to him would reach him.

Disregarding whether the question is properly raised by answer or by motion, defendant's argument that plaintiff, being a minor, cannot acquire residence or domicile other than that of her husband is not tenable. This would deprive plaintiff of the benefit of §3105.04 R. C.

When a wife files a petition for divorce or for alimony, the residence of her husband does not preclude her from the provisions of §§3105.01 to 3105.21, inclusive, R. C.

In this case the plaintiff married the defendant when she was 13 years of age. It offends common sense that for eight years she would be unable to establish for herself a domicile other than that of her husband in the event of his misconduct. Ohio laws permit females to marry, with their parent's consent, when they attain the age of 16 years. Ohio divorce statutes do not contemplate that one will be discriminated against solely by reason of one's minority.

The court's ruling is affirmed and the motion for reconsideration is overruled.